IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTHONY ISBY**                                                                      **PETITIONER**

vs.                                        CIVIL ACTION NO.: 1:12cv83-MPM-SAA

**RON KING**                                                                **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Anthony Isby, Mississippi prisoner # R3522, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition, and Petitioner has responded. For the reasons set forth below, the instant petition for a writ of habeas corpus will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion should be granted turns on the statue's limitation period, which requires that a petitioner's federal habeas corpus petition be filed within one year of the date his judgment of conviction becomes final, subject to statutory tolling for the period that a properly filed motion for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(1); 28 U.S.C. § 2244(d)(2); *see also, e.g., Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).[1] In "rare and exceptional circumstances," the limitations period

---

[1] Statutory tolling is also available under the narrow exceptions of § 2244(d)(1)(B-D), but these provisions are inapplicable in the instant case.

may also be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Factual and Procedural Background

Petitioner was convicted of armed robbery in the Circuit Court of Lee County, Mississippi, on August 29, 2000. (Resp't Mot. to Dismiss, Ex. A). The jury could not agree on a sentence, however, and the trial court sentenced Petitioner on August 31, 2000, to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections. (*See id.*, Ex. B). Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed his conviction and sentence. *Isby v. State*, 820 So.2d 8 (Miss. App. 2002), *reh'g. denied* March 26, 2002, *cert. denied*, June 27, 2002 (Cause No. 2000-KA-01896-COA).

On July 2, 2003, a letter was filed in Petitioner's Mississippi Supreme Court case informing him that his "Motion for Leave to Proceed in the Trial Court for a New Trial" and "Brief in Support of Application" were not processed because they had not been signed. (*See* Resp't Mot. to Dismiss, Ex. D). Based on the information available to the Court, Petitioner did not subsequently file a proper application to proceed in the trial court.[2]

On July 29, 2009, Petitioner signed a "Petition for an Order to Show Cause" that was filed in Lee County Circuit Court Cause No. CV09-115. (Resp't Mot. to Dismiss, Ex. E). The trial court continued the motion until Petitioner exhausted his administrative remedies through the Department of Corrections. (*See id.*, Ex. F). The trial court subsequently treated it as a motion for post-conviction relief and denied it by order entered March 1, 2010. *(See id.*, Ex. G).

---

[2] The official website for the Mississippi Supreme Court does not reveal a second or supplemented application. *See* http://courts.ms.gov/appellate_courts/generaldocket.html, last visited October 3, 2012.

Thereafter, Petitioner signed a "Motion for Reduction of Sentence" and submitted it to the trial court. (*Id.*, Ex. H). The court construed it as a successive petition for post-conviction relief, and on April 22, 2010, the trial court entered an order dismissing it as procedurally barred pursuant to Miss. Code Ann. § 99-39-5(2). (*Id.*, Ex. I). There is no indication that Petitioner challenged the trial court's denial and dismissal of his post-conviction motions. He did, however, file a "Motion for Sentence Order" which was signed on October 3, 2011. (*Id.*, Ex. J). It appears as though this was the last pleading filed in his civil case, and that a ruling on the motion has not issued.

**Analysis**

Because Petitioner presented his claim to the "state court of last resort," his judgment became final on or about September 25, 2002 (June 27, 2002 plus 90 days), when the time expired for him to file a petition for writ of certiorari with the United States Supreme Court following the affirmation of the judgment against him on direct appeal. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'-when the time for pursuing direct review in this Court, or in state court, expires"); Sup.Ct.R. 13.1 ("[A] petition for writ of certiorari . . . is timely when it filed with the Clerk of this Court within 90 days after entry of judgment."). Therefore, absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before September 25, 2003, to be deemed timely.

The instant petition was filed sometime between the date Petitioner signed it, April 10, 2012, and the date it was stamped "filed," April 13, 2012. *See Coleman v. Johnson,* 184 F.3d

398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Inasmuch as Petitioner did not properly file for post-conviction relief in State court until well after the expiration of the one year deadline prescribed by the AEDPA, he is not entitled to statutory tolling for the period of time that his post-conviction application was pending. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Petitioner claims that the "trial court revisited and changed the original sentence" on February 8, 2012, thereby giving him the opportunity to "refile" for federal habeas relief. Respondent represents that contact with the Lee County Circuit Clerk's Office reveals that there is no record of a February 8, 2012, order in Petitioner's case, and that no filings have been entered since Petitioner's October 2, 2011, "Motion for Sentence Order." The Court finds Petitioner's unsupported allegation insufficient to overstep the limitations period of the AEDPA. Therefore, federal habeas relief is available to him only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

While equitable tolling is available if the petitioner "[was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights," there is no reasonable basis in the record to conclude that either circumstance is applicable to Petitioner's delay. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Although Petitioner claims he is actually innocent of the crime of conviction, the Fifth Circuit has held that claims of actual innocence do not justify equitable tolling. *See Henderson v. Thaler*, 626 F.3d 773, 781 (5th Cir. 2010) (declining to create an "actual innocence"

4

exception to the AEDPA statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that actual innocence claim "does not constitute a 'rare and exceptional' circumstance"). Therefore, the Court concludes that the instant petition is untimely, and that Respondent is entitled to the grant of its motion.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Although he has not yet filed a notice of appeal, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

### Conclusion

The Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth herein, the Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show

his petition timely and to make "a substantial showing of the denial of a federal right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 3rd day of October, 2012.

                                                     **/s/ Michael P. Mills**
                                                    **CHIEF JUDGE**
                                                    **UNITED STATES DISTRICT COURT**
                                                    **NORTHERN DISTRICT OF MISSISSIPPI**